(No. 5073– )

WESTRIDGE PHARMACY, INC., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 25, 1964.*

IRWIN BLOOM, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; GERALD S. GROBMAN, Assistant Attorney General, for Respondent.

PEZMAN, J.

Claimant, Westridge Pharmacy, Inc., filed its original claim on November 16, 1962 seeking payment of the sum of $19,617.90 for pharmaceutical supplies furnished to Illinois Public Aid recipients for a period of several years.

Subsequently, on April 24, 1964, a stipulation of facts was entered into by the attorney for claimant and the Attorney General for the State of Illinois whereby it was agreed as follows:

"Westridge Pharmacy, Inc., an Illinois Corporation and claimant herein, is in the business of supplying pharmaceutical and sundry items to the public.

"Westridge Pharmacy, Inc., and the Public Aid Commission entered into an agreement wherein the State of Illinois was to reimburse the Westridge Pharmacy, Inc., for its sale to recipients of pharmaceuticals supplied by the said Westridge Pharmacy, Inc.

"The terms of the foregoing agreement and the acceptance thereof by the State of Illinois are fully set forth in the complaint hereto as exhibits A and B.

"Westridge Pharmacy, Inc., after fully performing its obligations under the said agreement rendered and mailed a bill to the State of Illinois for the sum of $9,808.95.

"The Seventy-Second biennium appropriations out of which the bill was payable had lapsed at the time the bill was mailed, and the funds to pay said bill were no longer available to the Public Aid Commission.

"Westridge Pharmacy, Inc., by its counsel, again represents that no assignment or transfer of the claim in this cause, or any part thereof or

interest therein, has been made by Westridge Pharmacy, Inc., and that the Westridge Pharmacy, Inc., is justly entitled to the sum of $9,808.95 from the State of Illinois after allowing all just credits."

An amended petition filed on May 12, 1964 reduced the ad damnum to $9,808.95, the amount of damages agreed upon in the stipulation.

This Court has held in previous decisions that, where the evidence shows that the only reason a claim was not paid was due to the fact that, prior to the time a statement was presented, the appropriation lapsed, an award will be made. *Continental Oil Company* vs. *State of Illinois*, 23 C.C.R. 70; *M. J. Holleran, Inc.,* vs. *State of Illinois*, 23 C.C.R. 17.

Pursuant to the evidence submitted, and the stipulation of facts filed herein, an award is hereby made to claimant, Westridge Pharmacy, Inc., in the sum of $9,808.95.